IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALPHA CREATIONS, INC., Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.   4:15-cv-03608 |
| | § | |
| | § | |
| | § | |
| KARA ROSS NEW YORK, LLC, Defendant | § | JURY TRIAL DEMANDED |
| | § | |

**PLAINTIFF'S VERFIFIED ORIGINAL COMPLAINT**

Alpha Creations, Inc. (hereinafter "ACI"), for its complaint herein against Kara Ross New York, LLC. (hereinafter "KRNY"), would show the Court as follows:

PARTIES

1.  Plaintiff Alpha Creations, Inc. is a Texas corporation with its principal place of business in the State of Texas.

2.  Defendant Kara Ross New York, LLC. is, upon information and belief, a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York City, New York, engages in unfair and deceptive practices in the State of Texas and is regularly doing business in the State of Texas.

JURISDICTION AND VENUE

5.  This is an action for trademark infringement and unfair competition pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  This Court has jurisdiction under 15 U.S.C. §1121, 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1331, 1332 and §1338, as there is both federal question jurisdiction and diversity of citizenship between the parties, and the amount in controversy

1

exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000), exclusive of interest and costs.  Venue is proper in this District under 28 U.S.C. §1391.

### NATURE OF CAUSES OF ACTION

6.  ACI owns and has a registered trademark in the United States Patent and Trademark Office, Reg. No. 3,808,148, *Brian Gavin*, (hereinafter the 'BGD LOGO" for diamonds, cut diamonds, diamond jewelry, jewelry and precious stones and on-line retail store services featuring jewelry, diamonds, precious and semi-precious stones and custom jewelry designs; US Ser. No. 86/814,791 and common law use of the mark ❤ (hereinafter the "GEM/HEART DESIGN") for cufflinks; cut diamonds; diamond jewelry; diamonds; earrings; gemstone jewelry; jewelry; jewelry for attachment to clothing; jewelry made in whole or significant part of diamonds; precious and semi-precious gems; precious and semi-precious stones; precious jewels and on-line retail store services featuring jewelry, diamonds, precious and semi-precious stones and custom jewelry designs.

### COUNT I
### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

7.  This count arises under §32 of the Lanham Act (15 U.S.C. §1114) for infringement of the trademark registered by Plaintiff ACI in the United States Patent and Trademark Office.

Business of Plaintiff ACI

8.  Plaintiff ACI is an on-line retailer of diamonds, jewelry and other precious and semi-precious gemstones and specializes in precision-cut diamonds and custom jewelry.

9.  Plaintiff ACI provides its customers with detailed information regarding each diamond it offers for sale, including ASET, Ideal Scope, American Gem Society (AGS) lab report certification,

Sarin report (stone measurements) and a photograph of the diamond.  Plaintiff has spent considerable sums of time and resources promoting the BGD LOGO in connection with diamonds and jewelry.

11.   Plaintiff also has developed and has created substantial goodwill through its use of the marks in connection its diamonds, jewelry and on-line retail store services.  Goods and services provided under this facet of its business include: diamond searching, hearts and arrows searching, designer diamonds, diamond jewelry, diamond engagement rings and custom jewelry design.

Adoption, Use and Registration of the Mark "*Brian ♡ Gavin*"

12.   Plaintiff has registered the following trademark with the United States Patent and Trademark Office:

| Designation of Mark in this Complaint | United States Registration No. | Date of Registration | Mark |
|---|---|---|---|
| "BGD LOGO" | 3808148 | June 22, 2010 | *Brian ♡ Gavin* |

13.  The above referenced registration is valid and subsisting and remains in full force and effect as evidence of the validity thereof and Plaintiff's exclusive right to own and use the mark in connection with the goods and services specified in the registrations.

Defendant's Adoption of the KRNY DESIGNS

14.   Defendant is knowingly using the GEM/HEART DESIGN in connection with diamond and other jewelry, which infringe upon and violate the rights of Plaintiff's marks described above. Defendant is applying at least the following designs (hereinafter the "KRNY DESIGNS") to diamond jewelry including, but not limited to the following:

a)



(I)                                    (II)                                    (III)

b)



c)            i



Attached hereto, marked as Exhibit "A" is a copy of the diamondsunleashed.org web pages

showing the confusing use of KRNY DESIGNS A-C and Exhibit "B" is a copy of an HSN Diamonds

Unleashed by Kara Ross webpage in connection with Defendant's association with HSN showing

the confusingly similar KRNY DESIGNS A-C.

15.  Upon information and belief, Defendant began using the confusingly similar Ross design in

commerce on or about June 1, 2015.

16.  Upon information and belief, Defendant adopted the Ross design with full knowledge of

Plaintiff's ownership of the mark *Brian ♡ Gavin* , and in particular the GEM/HEART DESIGN

portion of the mark with the intention of trading off the goodwill built up by Plaintiff.  The

4

description of KRNY DESIGN as, for example, "The symbol is the shape of two diamonds, one elevating outside the other; those two shapes together form a heart." further falsely suggests a relationship between Plaintiff and Defendant and/or that the goods and services of Plaintiff and Defendant originate from the same source

17. Unless enjoined, upon information and belief, Defendant will aggressively expand its use of the KRNY DESIGNS throughout the United States.

18. Upon information and belief, Plaintiff's and Defendant's services and goods supplied through on-line retail stores and other retailers are similar and move through similar channels of trade to similar classes of customers and Plaintiff and Defendant are in competition with respect to those services and goods.

19. Defendant's KRNY DESIGNS are so similar to Plaintiff's registered BGD LOGO and/or GEN/HEART DESIGN marks as to be likely to cause confusion, mistake or deception as to the source or origin of the goods and services in that the public and others are likely to believe that Defendant's services are provided by and sponsored by or approved by or licensed by or affiliated with or in some other way legitimately connected with Plaintiff, all to Plaintiff's irreparable harm.

Infringement of Plaintiff's Federally Registered Marks

20. Upon information and belief, Defendant, by its above enumerated acts, has willfully and knowingly violated and infringed and threatens to further infringe the rights of Plaintiff in its federally registered BGD LOGO set forth in Paragraph 12 in violation of §32 of the Lanham Act (15 U.S.C. §1114) with the intention of deceiving and misleading the on-line retail diamond and

jewelry purchasing community and the public at large, and of wrongfully trading on the goodwill and reputation of Plaintiff.

21.   Upon information and belief, by its tortious acts, Defendant has caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's registered mark.

22.  Plaintiff has no adequate remedy at law.

COUNT II

COMMON LAW TRADEMARK, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

23.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 22 herein as if more fully set forth below.

24.  This Count arises under the common law of trademarks and unfair competition of the State of Texas.

25.   Plaintiff ACI provides its customers with detailed information regarding each diamond it offers for sale, including ASET, Ideal Scope, American Gem Society (AGS) lab report certification, Sarin report (stone measurements) and a photograph of the diamond.   Plaintiff has spent considerable sums of time and resources promoting the mark in connection with diamonds and jewelry.

26.   Plaintiff also has developed and has created substantial goodwill through its use of the GEM/HEART DESIGN in connection its diamonds, jewelry and on-line retail store services. Goods and services provided under this facet of its business include: diamond searching, hearts and arrows searching, designer diamonds, diamond jewelry, diamond engagement rings and custom jewelry design.

Adoption and Use and Application for Registration of the GEM/HEART DESIGN

27.  Plaintiff has used the common law trademark, the GEM/HEART DESIGN, in connection with cufflinks; cut diamonds; diamond jewelry; diamonds; earrings; gemstone jewelry; jewelry; jewelry for attachment to clothing; jewelry made in whole or significant part of diamonds; precious and semi-precious gems; precious and semi-precious stones; precious jewels and on-line retail store services featuring jewelry, diamonds, precious and semi-precious stones and custom jewelry designs since on or about February 28, 2009 and has a pending trademark application on file with the United States Patent and Trademark Office:

| Designation of Mark in this Complaint | United States Serial No. | Date of Filing | Mark |
|---|---|---|---|
| "GEM/HEART DESIGN" | 86814791 | November 10, 2015 | ◇ |

28.  The above referenced application is in addition to Plaintiff's exclusive common law right to own and use the mark in connection with the goods and services specified in the application.

29.  Defendant's aforesaid activities constitute unfair competition and an infringement of Plaintiff's common law service mark and trademark rights in the GEM/HEART DESIGN. Such unfair competition and infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm.

30.  Plaintiff has no adequate remedy at law.


COUNT III
FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

31.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 30, herein as if more fully set forth below.

32.  This Count arises under §43(a) of The Lanham Act (15 U.S.C. §1125(a) (False Designation of Origin)).

33.  The use and continued threatened use of the KRNY DESIGNS or any colorable variation thereof as aforesaid by Defendant is a false designation of origin as to goods and services made available by Defendant and a false and misleading representation in violation of §43(a) of The Lanham Act (15 U.S.C. §1125(a)) since it is likely to cause confusion or mistake or deception as to the affiliation of Defendant with Plaintiff, or confusion as to the origin, sponsorship or approval of Defendant's goods and services or commercial activities with Plaintiff.

34.  Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Defendant, its officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with Defendant, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(a) using the KRNY DESIGNS or any other mark confusingly similar to BGD LOGO or the GEM/HEART DESIGN, alone or in combination with other words, names, styles, titles or marks (hereinafter referred to as "using the BGD marks") in connection with the advertising, promotion, offering or performance of wireless telephone and accessories, fulfillment services or the production of related advertising and publications relating to such industry;

(b) holding themselves out as the owners of, or otherwise authorized to use the BGD marks, in connection with diamonds, cut diamonds, diamond jewelry, jewelry and precious stones and on-line retail store services featuring jewelry, diamonds, precious and semi-precious stones and custom jewelry designs;

(c) performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendant are one and the same or are in some way connected, or that Plaintiff is a sponsor of Defendant, or that Defendant is in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendant originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendant with Plaintiff;

(d) using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's BGD LOGO or GEM/HEART DESIGN and the goodwill associated therewith;

(e) using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and the goodwill appertaining thereto.

2. That Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the acts herein complained of and that such damages be trebled because of the willful acts described herein in disregard of Plaintiff's known rights as aforesaid.

3. That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by it from the activities herein complained of herein.

4. That Defendant be required to deliver up for destruction all jewelry, stationery, signs, advertisements, brochures, promotional materials and other written materials which bear the BGD LOGO or GEM/HEART DESIGN or any other mark confusingly similar to Plaintiff's BGD

LOGO or GEM/HEART DESIGN marks together with all plates, molds, matrices and other means and materials for making or reproducing same.

5. That Defendant be required to pay to Plaintiff all of its litigation expenses including reasonable attorneys' fees and the costs of this action.

6. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,
Lundeen & Lundeen PLLC
2710 Louisiana St.
Houston, Texas 77006
Telephone: 713-652-2555
Facsimile: 713-652-2556

Marcee G. Lundeen
SBOT 12695500, SD Reg. No. 34855
Attorney in Charge for Plaintiff

Of Counsel:
Daniel N. Lundeen
SBOT 12695250
S.D. Reg. No. 6524

VERIFICATION

BRIAN GAVIN declares as follows:

I am President of Alpha Creations, Inc., Plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof and the same are true of my own knowledge except as to such matters therein stated to be on information and belief, and as to these matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 11th day of December, 2015.

BRIAN GAVIN